Rathmell, J.
Defendant appearing for sole purpose of objecting to the jurisdiction of the court over him as defendant, and no other purpose, moves to dismiss appeal for reason the court has not jurisdiction of the person of defendant.
The motion has been argued upon two points; first, whether or not the defendant entered his appearance by the motion below ; second, whether or not the case is appealable.
Motion was made in the justice’s court by defendant reserving appearance except for the sole purpose of objecting to the jurisdiction of the court over him as defendant, and for no other purpose; to set aside service of summons and to dismiss the bill of particulars for the reason that the court had not jurisdiction of his person. The court sustained the motion and plaintiff below appealed.
It is contended that the matter “to dismiss the bill of particulars” and “to dismiss the appeal” in such a motion invokes and involves the merits of the case. We think not, if such an action is on the ground that the court had no jurisdiction of the person *112 of defendant and nothing more. The motion in Smith v. Hoover, 39 O. S., 249, called on the court to dismiss the action, grounded on the appearance of defendant in the court for the sole purpose of objecting to the jurisdiction of the court over his person.
We think the hearing on the motion in the justice’s court did not involve the merits of the case, and that defendant did not enter his appearance except specially by his action there under said motion.
(2) It is further claimed that the ruling of the justice on the motion was a final judgment to which appeal lies. The justice of the peace sustained the motion below.
The ruling of the justice below was a final order lohich prevented a hearing of the action upon its merits, and one coming within General Code, 12243, but not a final judgment contemplated by General Code, 10382. Under the former, error lies. An appeal is not a substitute for a proceeding in error, but a means of a second trial of the entire cause. (44 O. S., 318-328.)
That the order of the justice below on the mo,tion was not a final judgment, we think finds some' similarity to the order in Stramburgh v. Doran, 2 W. L. .M., 601, and Evans v. Idler, 7 O. S., 234.
The attack on the summons below was on the ground the court had no jurisdiction of the person of defendant. It challenged the validity of the 'service.
In the latter case above cited, the court in its opinion says:
“An order of a court of common pleas that a case be stricken from' the docket for want of service, and for the payment of costs, is not a final judgment from which an appeal lies to the district court, but is a final order for error in which a petition in error is the proper remedy.”
We think the motion under consideration is well taken and it is sustained.